UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ALVON BOLTON,

                           Plaintiff,

   -against-

CITY OF NEW YORK, SALVATORE DESANTIS, Individually,
DAVID COURTIEN, Individually, DWAYNE BREWSTER,
JOSE PETRELLI, Individually, and JOHN and JANE DOE
1 through10, Individually (the names John and Jane Doe being
fictitious as the true names are presently unknown),

                           Defendants.

-----------------------------------------------------------------X

CV 12 5782

COMPLAINT

Docket No.

Jury Trial Demanded

JOHNSON

GOLD, M.J.

Plaintiff ALVON BOLTON, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff ALVON BOLTON is a thirty-six year old African American man who resides in Staten Island, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, SALVATORE DESANTIS, DAVID COURTIEN, DWAYNE BREWSTER, JOSE PETRELLI, and JOHN or JANE DOE 1 through 10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12. On November 24, 2009, at approximately 9:50 p.m., plaintiff was a lawful pedestrian standing on the sidewalk in the vicinity of 1144 Forest Avenue, Staten Island, New York, when the defendant officers illegally stopped, detained, searched and arrested plaintiff.

13. The officers recovered no contraband from plaintiff.

14. The officers nonetheless arrested plaintiff, despite lacking probable cause to believe plaintiff committed any crime or offense, and imprisoned plaintiff.

15. The defendant officers imprisoned plaintiff until November 25, 2009, when plaintiff was released after his arraignment in Richmond County Criminal Court, on baseless charges filed under docket number 2009RI01165; said charges having been filed based on the false allegations of defendant SALVATORE DESANTIS. Defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced and continued against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

16. As a result of the defendants' false statements, plaintiff was compelled to return to court on approximately three occasions until on May 20, 2010, all the charges levied against plaintiff were dismissed and sealed in Richmond County Criminal Court.

17. Defendants SALVATORE DESANTIS, DAVID COURTIEN, DWAYNE BREWSTER, JOSE PETRELLI, and JOHN and JANE DOE 1 through 10, participated in, and/or failed to intervene in the illegal conduct described herein.

18. Defendants DAVID COURTIEN and DWAYNE BREWSTER, who both hold supervisory ranks, supervised defendants SALVATORE DESANTIS, JOSE PETRELLI, and JOHN and JANE DOE 1 through 10, and approved of, oversaw, and otherwise participated in the

arrest and prosecution of the plaintiff.

19. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising its employees, due to discrimination against plaintiff due to his race and/or nationality, and pursuant to a *de facto* policy, custom or practice of falsification.

20. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers arrest individuals without probable cause and manufacture evidence or otherwise engage in falsification in an effort to justify the false arrest. Defendant CITY OF NEW YORK is further aware that many NYPD officers are insufficiently trained on when to stop, detain, search and arrest individuals.

21. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

22. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

23. As a result of the foregoing, plaintiff ALVON BOLTON sustained, *inter alia*,

physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

24.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "23" with the same force and effect as if fully set forth herein.

25.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

26.     All of the aforementioned acts deprived plaintiff ALVON BOLTON, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

27.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

28.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

29.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

30.     As a result of the foregoing, plaintiff ALVON BOLTON is entitled to

5

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. Defendants arrested plaintiff ALVON BOLTON, without probable cause, causing him to be detained against his will for an extended period of time and subjected him to physical restraints.

33. Defendants caused plaintiff ALVON BOLTON, to be falsely arrested and unlawfully imprisoned.

34. As a result of the foregoing, plaintiff ALVON BOLTON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants maliciously issued criminal process against plaintiff by causing him to be arraigned and prosecuted.

37. Defendants caused plaintiff ALVON BOLTON to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up

their abuse of authority, and for personal and professional benefits.

38. As a result of the foregoing, plaintiff ALVON BOLTON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants initiated, commenced and continued a malicious prosecution against plaintiff.

41. Defendants caused plaintiff ALVON BOLTON to be prosecuted without probable cause until the charges were dismissed on May 20, 2010.

42. As a result of the foregoing, plaintiff ALVON BOLTON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants had an affirmative duty to intervene on behalf of plaintiff ALVON BOLTON, whose constitutional rights were being violated in their presence by other officers.

45. The defendants failed to intervene to prevent the unlawful conduct described

7

herein.

46. As a result of the foregoing, plaintiff ALVON BOLTON was subjected to false arrest, and his liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, and detained and prosecuted without probable cause.

47. As a result of the foregoing, plaintiff ALVON BOLTON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

48. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. The defendants illegally stopped, detained, arrested, and prosecuted, plaintiff ALVON BOLTON because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

50. As a result of the foregoing, plaintiff ALVON BOLTON was deprived of his rights under the Equal Protection Clause of the United States Constitution.

51. As a result of the foregoing, plaintiff ALVON BOLTON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

54. As a result of the foregoing, plaintiff ALVON BOLTON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

57. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, stopping and detaining individuals without reasonable suspicion; arresting individuals without probable cause and then committing perjury and/or manufacturing evidence in an effort to convict such individuals; and otherwise engaging in falsification.

58. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of

9

inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff ALVON BOLTON'S rights as described herein.

59. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

60. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ALVON BOLTON.

61. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ALVON BOLTON, as alleged herein.

62. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ALVON BOLTON, as alleged herein.

63. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff ALVON BOLTON was unlawfully seized, detained, incarcerated, and prosecuted.

64. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ALVON BOLTON'S constitutional rights.

65. All of the foregoing acts by defendants deprived plaintiff ALVON BOLTON of federally protected rights, including, but not limited to, the right:

  A. Not to be deprived of liberty without due process of law;

  B. To be free from seizure and arrest not based upon probable cause;

  C. To be free from malicious abuse of process and/or malicious prosecution;

  D. To be free from false imprisonment/arrest;

  E. To receive equal protection under law; and

  F. To be free from the failure to intervene.

66. As a result of the foregoing, plaintiff ALVON BOLTON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff ALVON BOLTON demands judgment and prays for the following relief, jointly and severally, against the defendants:

 (A) full and fair compensatory damages in an amount to be determined by a jury;

 (B) punitive damages against the individual defendants in an amount to be determined by a jury;

 (C) reasonable attorneys' fees and the costs and disbursements of this action; and

 (D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
   November 21, 2012

          LEVENTHAL & KLEIN, LLP
          Attorneys for Plaintiff ALVON BOLTON
          45 Main Street, Suite 230
          Brooklyn, New York 11201
          (718) 722-4100

          By: _____
             BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

ALVON BOLTON,

                                            Plaintiff,

                                                                                       Docket No.

      -against-

CITY OF NEW YORK, SALVATORE DESANTIS, Individually,
DAVID COURTIEN, Individually, DWAYNE BREWSTER,
JOSE PETRELLI, Individually, and JOHN and JANE DOE
1 through10, Individually (the names John and Jane Doe being
fictitious as the true names are presently unknown),

                                            Defendants.

-------------------------------------------------------------------------X

## COMPLAINT

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100